LAGESEN, P.J.
*642 This is a residential eviction case in which tenant has appealed a general judgment awarding restitution of the premises-an apartment-to landlord; the trial court entered that judgment after denying tenant's motion to dismiss the case. The issue before us is whether landlord's pretermination notice gave tenant the statutorily required amount of time to remedy the defects identified in the notice. The resolution of that issue turns on whether landlord met the statutory requirements under ORS 90.155(1) for serving tenant by first class mail and attachment, a manner of service commonly known as "nail and mail" service. If landlord was not *247 entitled to use nail and mail service, landlord was required to give tenant more time to cure the defects than tenant was afforded in the notice, rendering landlord's notice fatally defective so as to require the granting of tenant's motion to dismiss. For the reasons that follow, we conclude that landlord did not meet the statutory requirements for using nail and mail service. We therefore vacate the judgment and remand to the trial court with directions to dismiss.
The relevant facts are not disputed, making the question of whether landlord satisfied the statutory requirements for using "nail and mail" service one of law. Accordingly, we review the trial court's resolution of that question for legal error. See generally American Property Management Corporation v. Nikaia , 230 Or App 321, 323, 215 P.3d 906 (2009) (so reviewing the question of whether landlord met the statutory requirements for using nail and mail service).
We start with the law. Under ORS 90.155(1), a landlord is permitted to use nail and mail service only if the parties' rental agreement affords the tenant a "reciprocal right" to use nail and mail service. The statute states:
"(1) Except as provided in ORS 90.300, 90.315, 90.425 and 90.675, where this chapter requires written notice, service or delivery of that written notice shall be executed by one or more of the following methods:
"(a) Personal delivery to the landlord or tenant;
*643 "(b) First class mail to the landlord or tenant; or
"(c) If a written rental agreement so provides, both first class mail and attachment to a designated location. In order for a written rental agreement to provide for mail and attachment service of written notices from the landlord to the tenant, the agreement must also provide for such service of written notices from the tenant to the landlord. Mail and attachment service of written notices shall be executed as follows:
"(A) For written notices from the landlord to the tenant, the first class mail notice copy shall be addressed to the tenant at the premises and the second notice copy shall be attached in a secure manner to the main entrance to that portion of the premises of which the tenant has possession; and
"(B) For written notices from the tenant to the landlord, the first class mail notice copy shall be addressed to the landlord at an address as designated in the written rental agreement and the second notice copy shall be attached in a secure manner to the landlord's designated location, which shall be described with particularity in the written rental agreement, reasonably located in relation to the tenant and available at all hours."
ORS 90.155(1). As we have explained, it is not sufficient that a rental agreement simply state that a tenant has a reciprocal right to use nail and mail service. Rather, the agreement must supply the information necessary to give the tenant "a clear and effective method * * * to effectuate nail and mail service." American Property Management Corporation , 230 Or App at 328, 215 P.3d 906. That standard, as the plain terms of the statute signal, requires the landlord, among other things, to designate an address in the rental agreement at which the landlord will receive notices sent by first class mail. Id. If the landlord fails to supply the tenant with such an address in the rental agreement, then the landlord is not entitled to use nail and mail service and, more to the point, must give the tenant more time to cure the defects identified in the notice (unless the landlord accomplishes service by personal delivery under ORS 90.155(1)(a) ). Id. at 328-29, 215 P.3d 906 ; see generally ORS 90.155.
*644 With that statutory foundation, we turn to the facts. Paragraph 27 of the parties' rental agreement provides for nail and mail service:
"27. WRITTEN NOTICES: All notices required under this Rental Agreement or state law to be in writing shall be served personally, by first class mail, or by first class mail and attachment. If served by first class mail and attachment, a notice from Owner/Agent to Resident shall be deemed served on the day and at the time *248 it is both mailed by first class mail to Resident at the Premises and attached in a secure manner to the main entrance of that portion of the Premises of which Resident has possession. If served by first class mail and attachment, a notice from Resident to Owner/Agent shall be deemed served on the day it is both mailed by first class mail to Owner/Agent at the address set forth on this Rental Agreement and attached in a secure manner to the main entrance of the complex office, if one exists, and if not, to Owner/Agent's location identified on the front of this Rental Agreement. If the main entrance to the complex office is located inside a building, the notice should be attached to the main entrance of such building. Agent is authorized to accept notices on behalf of Owner."
(Emphasis added.) As contemplated by Paragraph 27, the rental agreement sets forth a specific street address for the landlord, specifying the numerical address of the location, the unit number, the street name, the city, the state, and the zip code-that is, all the information ordinarily required by the United States Postal Service. See generally United States Postal Service, Publication 28-Postal Addressing Standards, http://pe.usps.com/text/pub28/welcome.htm (accessed June 25, 2018).
Sometime after the parties executed the rental agreement, landlord relocated. Landlord alerted the tenants in the apartment complex, including tenant in this case, of the move by email. The email stated, in relevant part:
"We've been moving our stuff to Amrita house for the last 8 days now and there's only the stuff in the office that needs to be moved over. We hope to be finished by this weekend. This would mean also that starting next Monday, if you need assistance, please go over to Amrita house."
*645 The question for us is whether this set of facts demonstrates that landlord met the statutory requirements of ORS 90.155(1) to use nail and mail service. The trial court concluded that it did, reasoning that landlord satisfied the statutory requirements by notifying defendant of the move to Amrita House: "Here, Management's email noting relocation to the Amrita House, a readily identifiable place to [tenant], provided 'Meaningful reciprocal nail and mail service right to a tenant' in [tenant's] position."
We conclude otherwise that landlord did not supply tenant with the necessary information to afford tenant a meaningful reciprocal right to use nail and mail service. Although tenant disputes the point, landlord has a colorable argument that the rental agreement satisfied the requirements of ORS 90.155(1)(c) at the time the parties executed it. It specified an address at which landlord would, at the time, receive first class mail, and it also, arguably, designated a spot for the posting of a notice where, at the time, landlord would find it. But once landlord moved, the agreement no longer supplied tenant with a mailing address that allowed tenant to communicate with landlord reliably by mail.[1] American Property Management Corporation , 230 Or App at 328, 215 P.3d 906 (concluding that ORS 90.155(1)(c) requires landlords to provide tenants with a mailing address in order to use nail and mail service themselves). Landlord's email about the move to Amrita House did not solve the problem because, although it might have been sufficient to inform tenant where to post a notice, it did not tell tenant the address for mailing a notice. Given that ORS 90.155(1)(c), by its terms, contemplates that a tenant will be able to send notices by first class mail to a landlord by "address[ing] [them] to the landlord at an address as designated in the written rental agreement," it is readily apparent that the legislature intended to require landlords to give tenants addresses that are sufficient to permit delivery by the United States Postal Service. The designation "Amrita House" does not reasonably serve that function. See United States Postal Service, Publication *646 28-Postal Addressing Standards, http://pe.usps.com/text/pub28/welcome.htm (accessed June 25, 2018). *249 We recognize that many people in tenant's position would have the capacity, given the information about Amrita House, to ascertain a mailing address for that location, even if landlord did not supply one (although identifying a complete and accurate mailing address is not always easy). But our legislature has spared tenants the burden of such detective work. As our decision in American Property Management Corporation makes clear, it is a landlord's responsibility to supply a tenant with a valid and effective mailing address that allows the tenant to serve the landlord by first class mail. 230 Or App at 328, 215 P.3d 906. Because that did not happen here, landlord was not entitled to use nail and mail service, and was required to give tenant a longer compliance period than that stated in the notice. Under American Property Management Corporation , tenant was entitled to dismissal. 230 Or App at 329, 215 P.3d 906.
Judgment vacated; remanded with instructions to dismiss.

On appeal, landlord argues that the old mailing address remained effective after the move. But landlord conceded in the trial court that the former address was not a valid one. That concession forecloses landlord from now arguing that the address remains good.