Argued and submitted May 20, reversed and remanded July 8, 2021

Justin W. NORTON,
*Plaintiff-Respondent,*

*v.*

Lori KEES,
Bruce Thouvenel,
and all other occupants,
*Defendants-Appellants.*

Douglas County Circuit Court
19LT08072; A171510

494 P3d 1036

Jason R. Thomas, Judge pro tempore.

Harry D. Ainsworth argued the cause and filed the brief for appellants.

Dan G. McKinney argued the cause for respondent. Also on the brief was DC Law.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

This is a residential eviction case in which tenants appeal a general judgment awarding restitution of the premises to landlord. The trial court entered that judgment after rejecting tenants' contention that landlord's pretermination notice did not give tenants the statutorily required amount of time to cure tenants' nonpayment of rent. Because landlord used first class mail and attachment to a designated location—nail-and-mail—service, on the facts of this case, whether landlord gave tenants the right amount of time to cure turns on whether the parties' rental agreement afforded tenants a reciprocal right to use nail-and-mail service also. ORS 90.155(1); *Kailash Ecovillage, LLC v. Santiago*, 292 Or App 640, 642-43, 426 P3d 245, *rev den*, 364 Or 207 (2018) (explaining requirement and content of reciprocal right to nail-and-mail service). The trial court concluded that the rental agreement afforded tenants the statutorily required reciprocal right. Reviewing for legal error whether the lease affords a reciprocal right to nail-and-mail service under ORS 90.155(1), *Kailash Ecovillage, LLC*, 292 Or App at 642, we conclude otherwise. We therefore reverse and remand.

To provide an effective reciprocal right to use nail-and-mail service, a rental agreement must contain the information necessary to give the tenant "a clear and effective method *** to effectuate nail and mail service." *American Property Management Corporation v. Nikaia*, 230 Or App 321, 328, 215 P3d 906 (2009). "That standard *** requires the landlord, among other things, to designate an address in the rental agreement at which the landlord will receive notices sent by first class mail." *Kailash Ecovillage, LLC*, 292 Or App at 643; ORS 90.155(1)(c)(B) (mail service address must be one "designated in the written rental agreement"). "If the landlord fails to supply the tenant with such an address in the rental agreement, then the landlord is not entitled to use nail and mail service ***." *Kailash Ecovillage, LLC*, 292 Or App at 643.

In this case, Paragraph 20 of the parties' form rental agreement addresses nail-and-mail service by the tenant. As filled out, it states: "A notice from lessee to lessor is deemed served on the day it is both mailed by first class

mail to the above owner/agent (see 18) and also attached securely to the following location [handwritten street address]." Paragraph 18, in turn, supplies a space in which to identify the name of the "owner (or agent for service)" and that person's address and phone number. But landlord left it blank except for a phone number. Consequently, the agreement does not clearly designate an address for mail service.

Landlord argues, and the trial court concluded, that the inclusion of landlord's address in other parts of the lease satisfies ORS 90.155(1). They reason that tenants could reasonably assume that the address listed in the other locations was the one to be used for mailing, even though the agreement does not say that that is the address for service. That may be so, but the statute crafted by the legislature requires a landlord to "designate" an address for mailing in the written rental agreement to create an effective reciprocal right to nail-and-mail service. In other words, it is landlord's responsibility to clearly communicate a mailing address for service. That did not happen here.

Reversed and remanded.